UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERRY A. SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Cause No. 2:25-CV-077-PPS-AZ | |
| KOMPASSIONATE CARE LLC, ) | |
| ABIDON BABALOLA, KARENA ) | |
| RICHARDSON SEALS, and BELINDA ) | |
| GAIL, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Jerry A. Smith, representing himself, filed a complaint on February 19, 2025, against Kompassionate Care LLC, two Kompassionate Care LLC employees, and a fourth defendant whom he describes as a "health patient." [DE 1.] Smith also filed a motion to proceed in forma pauperis. [DE 2.] There are several issues with Smith's claims as currently pled, so I will strike Smith's complaint and deny his motion to proceed in forma pauperis. I will also grant Smith an additional 30 days to correct the deficiencies in his complaint that I discuss below.

As best I can tell, on February 6 or 7, 2025, Kompassionate Care LLC ("Kompassionate") offered Smith a job as a personal care assistant contingent upon him passing a background check. [DE 1-1 at 10–12.] On February 13, Kompassionate rescinded Smith's conditional offer of employment purportedly because of the results of Smith's background check. [*Id*. at 8.] According to Smith, the real reason Kompassionate

rescinded his conditional offer of employment is because of the interference of defendant Karena Richardson Seals.

The nature of Smith's relationship with Seals is not clear. Smith alleges that from September 2024 through February 2025 he operated the "Saving Lives 2x Program" at an address in Hammond, Indiana. [DE 1 at 3.] As part of that program, Smith says he provided healthcare services to Seals. [*Id.*] Smith tells me that Seals requested "structured payments for housing and non-profit space to avoid being taken off SSI." [*Id.*] I have no idea what that means. Smith also alleges that Seals demanded personal care services without compensation, coerced intimate relationships, forced immediate eviction (seemingly of Smith's Saving Lives 2x Program at the listed Hammond address), and contacted Kompassionate to interfere with Smith's contingent offer of employment. Again, this is all very murky.

According to Smith, defendant Abidon Babalola, a manager at Kompassionate, has a personal relationship with Seals and privately met with Seals to discuss Smith. [*Id.* at 4.] Smith alleges that there is no documentation of the meeting, no witnesses, and, because of that meeting, Kompassionate used Smith's "24-year-old juvenile record as an excuse" to rescind Smith's contingent offer of employment. [*Id.*] Smith's final allegations concern defendant Belinda Gail Bennet. Smith alleges Bennet created a hostile work environment, made threats while under the influence of controlled substances, and forced Smith to "seek shelter in a vehicle overnight." [*Id*. at 5.]

As I see it, there are three issues with Smith's complaint. First, there is a potential venue issue because it is not clear whether the events at issue took place in Hammond or in Indianapolis (located in the Southern District of Indiana) where Kompassionate appears to be based. Second, and related, Smith seems to have pleaded unrelated claims against Seals in the same lawsuit. While he alleges that Seals interfered with his employment relationship with Kompassionate, his other claims against Seals concerning payments, eviction, and coercion appear unrelated to his claims against Kompassionate and its employees. Third, Smith fails to sufficiently plead the type of discrimination he faced. He also asserts employment discrimination claims against individual employees at Kompassionate, which is improper.

To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Smith is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to 28 U.S.C. § 1391(b), there are three ways to establish proper venue in federal court (in this case, the Northern District of Indiana). A civil action may be brought in—

3

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this §, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Smith alleges that Gail is a resident of Illinois, which eliminates 28 U.S.C. § 1391(b)(1) as a basis for venue. And given that Kompassionate is in Indianapolis (which is in the Southern District of Indiana), I have concerns regarding whether "a substantial part of the events or omissions giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2). From Kompassionate's website it appears that they may provide services throughout Indiana, which could include the Northern District of Indiana, but I do not have enough based on the complaint to assure myself that this Court is the proper venue for Smith's lawsuit. Smith alleges vague allegations concerning his eviction from a property in Hammond, but as I will now discuss it is unclear that these allegations are related to Smith's case against Kompassionate.

Plaintiffs may bring multiple, unrelated claims against a single defendant, but unrelated claims against different defendants belong in different suits. *George v. Smith*,

4

507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ."). It is unclear to the Court how Smith's claims against Seals concerning eviction, demand of personal care services without compensation, and coerced intimate relationships relate to Smith's claims concerning his contingent offer of employment with Kompassionate.

Smith's allegations concerning Seals interfering with his employment relationship with Kompassionate seem related to his claims against Kompassionate, but his other allegations against Seals appear unrelated so may not be brought in the same suit. *See Wheeler v. Wexford Health Servs,, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("[A] complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'") (citing Fed. R. Civ. P. 20(a)(1)(A)). When a pro se plaintiff files a lawsuit with unrelated claims, this Court's general practice is to "allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits." *Carson v. Payne*, CAUSE NO. 3:21-CV-464-RLM-MGG, 2021 WL 4427175, at *1 (N.D. Ind. Sept. 27, 2021). Smith will be provided an opportunity to file an amended complaint that includes only the related claims that he wants to pursue in this cause of action.

Finally, as currently pled, Smith's employment discrimination claims are insufficient in two respects. First, Smith does not allege the type of discrimination he faced. In the employment discrimination context, the Seventh Circuit has said that the pleading requirements mean "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Under Title VII of the Civil Rights Act of 1964, it is unlawful to discriminate on the basis of race, color, national origin, religion, and sex. 42 U.S.C. § 2000e-2. Title VII also prohibits discrimination based on a protected characteristic that creates a hostile or abusive work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). Smith has not alleged discrimination on the basis of any of the protected characteristics in Title VII.

Second, Smith impermissibly asserts employment discrimination claims against individual employees at Kompassionate. An "employer" is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person[.]" 42 U.S.C. § 2000e(b). As is important here, the Seventh Circuit held that Title VII does not impose "employer" liability on a supervisor in his individual capacity for acts which violate the statute. *Williams v. Banning*, 72 F.3d 552, 553–55, (7th Cir. 1995). Instead, the individual must independently meet the definition of an "employer" under Title VII before individual liability for employment discrimination can be imposed. *Id*. Smith has not alleged facts sufficient to support suit against that Kompassionate employees Babalola or Gail in their individual capacity.

6

In sum, I will grant Smith approximately 30 days to correct the following errors. First, he must include allegations that establish the Northern District of Indiana as the proper venue for this suit. Second, Smith must either clarify how his allegations against Seals relate to his employment action against Kompassionate or choose which related claims to pursue in his amended complaint. And finally, Smith must clarify the type of Title VII employment discrimination he asserts against Kompassionate. His claims against Babalola or Gail in their individual capacity do not state a claim.

For these reasons, the Court:

(1) **STRIKES** the complaint [DE 1];

(2) **DENIES** the motion for leave to proceed in forma pauperis [DE 2];

(3) **GRANTS** the plaintiff until **April 11, 2025**, to file an amended complaint and either pay the filing fee or file a renewed *in forma pauperis* motion; and

(4) **CAUTIONS** the Plaintiff that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

**SO ORDERED** on March 12, 2025.

      /s/ Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT