IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

JERRY A. SMITH,

      Plaintiff,

      Pro Se,

v.

KOMPASSIONATE CARE LLC,

ABIDON BABALOLA, Manager,

(Individually),

KARENA RICHARDSON SEALS,

(Individually), and

BELINDA GAIL, (Individually)

      Defendants.

-FILED-

AUG 0 5 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Case No. 2:25-cv-77

AMENDED COMPLAINT

CIVIL RIGHTS VIOLATIONS

42 U.S.C. § 1983

JURY TRIAL DEMANDED

SECOND AMENDED COMPLAINT /w/ supplemental record

COMES NOW the Plaintiff, Jerry A. Smith, proceeding pro se, and for his Second Amended Complaint against the Defendants, states as follows:

JURISDICTION AND VENUE

1. This Court has federal jurisdiction as this action involves violations of Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in this district as all defendants reside within this judicial district and the constitutional violations occurred within this district.

### PARTIES

3. Plaintiff Jerry A. Smith is a citizen and resident of Gary, Indiana, residing at 2707 Adams Street, Gary, Indiana 46408.

4. Defendant Kompassionate Care LLC is a healthcare service provider with its principal place of business at 6919 E. 10st., Suite D5, Indianapolis, Indiana 46219.

5. Defendant Abidon Babalola is the Manager of Kompassionate Care LLC and is sued individually. He resides at 6919 E. 10st., Suite D5, Indianapolis, Indiana 46219.

6. Defendant Karena Richardson Seals is a citizen and resident of Hammond, Indiana, residing at 7010 Van Buren Ave, Hammond, Indiana 46324.

7. Defendant Belinda Gail is a citizen and resident of Illinois, residing at 7422 West 63rd Place, Summit, Illinois 60501.

### CONSTITUTIONAL VIOLATIONS

### COUNT I

DEPRIVATION OF PROPERTY RIGHTS

(Fifth and Fourteenth Amendment Violations)

(Against Defendant Richardson Seals)

8. From September 2024 through February 2025, Plaintiff operated his legitimate business program from 7010 Van Buren Ave, Hammond, Indiana, which was Defendant Richardson's residence.

9. Plaintiff provided over $10,000 worth of personal care services to Defendant Richardson without compensation.

10. Plaintiff expended over $6,500 from his business account for Defendant Richardson's benefit, including travel, hotels, entertainment, and personal expenses.

11. On February 10, 2025, Defendant Richardson unlawfully seized Plaintiff's business operations and personal property without due process of law.

12. Defendant Richardson forced Plaintiff's immediate eviction without proper notice, depriving Plaintiff of his property interests without constitutional due process protections.

13. These actions violated Plaintiff's Fifth and Fourteenth Amendment rights to due process and protection from unlawful seizure of property.

COUNT II

VIOLATION OF EQUAL PROTECTION

(Fourteenth Amendment Violations)

(Against Defendants Kompassionate Care and Babalola)

14. On February 11, 2025, Defendants terminated Plaintiff's employment based on a 24-year-old juvenile record while retaining Defendant Gail despite her active criminal case and threatening behavior toward Plaintiff.

15. Defendants applied different standards to similarly situated employees, treating Plaintiff unequally based on discriminatory factors.

16. Defendant Gail threatened Plaintiff with physical violence while under the influence of controlled substances, creating a hostile work environment.

17. Despite Defendant Gail's threatening conduct, Defendants took no action against her but terminated Plaintiff without legitimate cause.

18. These actions violated Plaintiff's Fourteenth Amendment right to equal protection under the law.

## COUNT III

### VIOLATION OF PROCEDURAL DUE PROCESS

(Fifth and Fourteenth Amendment Violations)

(Against Defendants Kompassionate Care and Babalola)

19. Defendants terminated Plaintiff's employment without providing any hearing, appeal process, or opportunity to respond to the allegations.

20. Plaintiff was deliberately excluded from the disciplinary meeting between Defendants Richardson and Babalola on February 11, 2025.

21. Defendants denied Plaintiff basic procedural protections that were his constitutional right as an employee.

22. The termination was coordinated and retaliatory, designed to punish Plaintiff for refusing to continue the exploitative relationship with Defendant Richardson.

23. These actions violated Plaintiff's Fifth and Fourteenth Amendment rights to procedural due process.

## COUNT IV

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

(First, Fifth, and Fourteenth Amendments)

(Against All Defendants)

24. Phone records and timeline evidence demonstrate that Defendants conspired together to violate Plaintiff's constitutional rights.

25. The coordination between Plaintiff's eviction on February 10, 2025, and his employment termination on February 11, 2025, shows a deliberate plan to deprive Plaintiff of his constitutional rights.

26. Defendants acted in concert to retaliate against Plaintiff for exercising his constitutional right to refuse exploitation and maintain his personal autonomy.

27. This conspiracy violated Plaintiff's First Amendment right to freedom of association, Fifth Amendment due process rights, and Fourteenth Amendment equal protection rights.

## COUNT V

### DEPRIVATION OF LIBERTY INTERESTS

(Fifth and Fourteenth Amendment Violations)

(Against Defendant Richardson Seals)

28. Defendant Richardson deliberately concealed her herpes diagnosis while encouraging an intimate relationship with Plaintiff.

29. Defendant Richardson used her medical knowledge to misinterpret test results, placing Plaintiff at risk of serious health consequences without his informed consent.

30. This deception deprived Plaintiff of his fundamental liberty interest in making informed decisions about his personal health and safety.

31. These actions violated Plaintiff's Fifth and Fourteenth Amendment substantive due process rights to personal liberty and bodily integrity.

## DAMAGES

32. As a direct result of Defendants' constitutional violations, Plaintiff suffered:

33. Economic damages including lost wages, business losses, unpaid services valued at $10,000, fraudulent expenditures of $6,500, and property losses.

34. Non-economic damages including emotional distress, loss of housing security, damage to reputation, and medical expenses.

35. Plaintiff was forced to sleep in his vehicle and suffered physical displacement due to Defendants' coordinated constitutional violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jerry A. Smith respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff's constitutional rights;

2. Award compensatory damages of $150,000 against each individual defendant for their constitutional violations;

3. Award compensatory damages of $150,000 against Kompassionate Care LLC for its constitutional violations;

4. Award punitive damages to deter future constitutional violations;

5. Award attorney's fees and costs; and

6. Grant such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted this 30th day of July, 2025.

*[signature]*

Jerry A. Smith, Plaintiff Pro Se

2707 Adams Street

Gary, Indiana 46408

Telephone: (219) 201-6440

Email: savinglives2xprogram@gmail.com

## VERIFICATION

I, Jerry A. Smith, verify under penalty of perjury that I have read the foregoing Second Amended Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 30th day of July, 2025.

*[signature]*

Jerry A. Smith