UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

-FILED-
OCT 2 0 2025
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

JERRY A. SMITH,

Plaintiff,

Pro Se,

v.

Case No. 2:25-cv-00077-PPS-AZ

KOMPASSIONATE CARE, LLC, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

## AGAINST DEFENDANT KARENA RICHARDSON SEALS

COMES NOW the Plaintiff, Jerry A. Smith, proceeding pro se, and respectfully moves this Honorable Court for an Order entering default against Defendant Karena Richardson Seals pursuant to Federal Rule of Civil Procedure 55(a), and in support thereof, states as follows:

INTRODUCTION

Plaintiff filed his Complaint in this action on or about February 2025, naming Karena Richardson Seals as a Defendant.

Defendant Karena Richardson Seals was properly served with the Summons and Complaint by the Sheriff.

Defendant Karena Richardson Seals received notice from the first complaint several months ago.

Despite proper service, multiple attempts to provide notice, and the passage of the time required for response under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant Karena Richardson Seals has failed to plead or otherwise defend this action.

The Court ordered all four Defendants to respond to Plaintiff's Complaint. Only two Defendants (Kompassionate Care, LLC and Abidon Babalola) have responded.

Defendant Karena Richardson Seals has failed to respond, despite having ample time and multiple notices of these proceedings.

FACTUAL BACKGROUND

Plaintiff's Complaint names Karena Richardson Seals as a Defendant, residing at 7010 Van Buren Ave, Hammond, Indiana 46324.

Defendant Karena Richardson Seals was initially served with notice of this lawsuit several months ago when Plaintiff filed his first complaint.

Subsequently, Defendant Karena Richardson Seals was formally served with the Summons and Complaint by the Lake County Sheriff's Office in accordance with Federal Rule of Civil Procedure 4.

Service by sheriff is one of the most reliable and formal methods of service, establishing clear and unequivocal notice to Defendant.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to serve an answer within 21 days after being served with the summons and complaint.

More than 21 days have elapsed since service upon Defendant Karena Richardson Seals by the sheriff, and she has failed to file any responsive pleading or otherwise appear in this action.

Additionally, Defendant had notice from the initial complaint filed several months ago, providing even more time to prepare a response or obtain counsel.

This Court issued an order requiring all Defendants to respond to the Complaint. Defendant Karena Richardson Seals has failed to comply with this Court's order.

Defendant Karena Richardson Seals is not an infant, incompetent person, or in military service as defined by the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

The Seventh Circuit has held that entry of default is appropriate when a defendant fails to respond within the time permitted by the Federal Rules. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993).

Three conditions must be met for entry of default under Rule 55(a):

(1) The defendant must be properly served;

(2) The defendant must fail to plead or otherwise defend within the time permitted; and

(3) The plaintiff must show the failure to respond by affidavit or otherwise.

See Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 335, 339 (7th Cir. 2004).

All three conditions are satisfied here:

(1) Defendant Karena Richardson Seals was properly served with the Summons and Complaint by the sheriff;

(2) Defendant has failed to file any responsive pleading or otherwise appear in this action within the time required by Rule 12(a); and

(3) This Motion, along with supporting documentation, demonstrates Defendant's failure to respond.

LEGAL ARGUMENT

## I. DEFENDANT WAS PROPERLY SERVED AND HAD AMPLE NOTICE

Service by sheriff is one of the most reliable and formal methods of service recognized by federal and state law. See Fed. R. Civ. P. 4(e)(2)(A) (allowing service by "delivering a copy of the summons and of the complaint to the individual personally").

Defendant Karena Richardson Seals cannot claim lack of notice, as she:

a. Received notice from the initial complaint filed several months ago;

b. Was formally served by the Lake County Sheriff with the Summons and Complaint; and

c. Had more than adequate time to retain counsel or file a response.

The Seventh Circuit has held that service by an authorized process server, including a sheriff, provides conclusive evidence of proper service. Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999).

## II. DEFENDANT'S FAILURE TO RESPOND IS WILLFUL

Defendant Karena Richardson Seals' failure to respond is clear and unequivocal. Despite:

a. Notice several months ago from the initial complaint;

b. Formal service by sheriff;

c. The passage of more than 21 days since service;

d. A court order requiring all defendants to respond;

She has neither filed a responsive pleading nor made any appearance in this action.

The extended time period during which Defendant has had notice (several months from initial complaint, plus additional time since sheriff service) demonstrates that this is not a case of inadvertent failure to respond.

The Seventh Circuit recognizes that willful failure to respond warrants entry of default. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004).

## III. DEFENDANT HAS SHOWN COMPLETE DISREGARD FOR THIS COURT'S AUTHORITY

The Seventh Circuit has stated that "default judgments are ordinarily disfavored," but recognizes that they serve an important function in ensuring compliance with court orders and procedural rules. Cracco v. Vitran Express, Inc., 559 F.3d 625, 630 (7th Cir. 2009).

Here, Defendant Karena Richardson Seals has shown complete disregard for this Court's jurisdiction and authority by:

a. Failing to respond to the initial complaint;

b. Failing to respond after formal service by sheriff;

c. Failing to comply with the Court's order requiring all defendants to respond;

d. Failing to appear or otherwise participate in these proceedings.

Entry of default is appropriate and necessary to protect Plaintiff's rights and maintain the integrity of the judicial process. See United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989).

Defendant's prolonged failure to respond, despite multiple forms of notice over several months, demonstrates a deliberate choice not to defend this action.

IV. PLAINTIFF HAS BEEN PREJUDICED BY DEFENDANT'S FAILURE TO RESPOND

Plaintiff has suffered significant prejudice as a result of Defendant's failure to respond:

a. Delay in obtaining relief for wrongful conduct that occurred in February 2025;

b. Continued uncertainty regarding the resolution of this case;

c. Additional time and expense in pursuing this litigation;

d. Ongoing damages from Defendant's unlawful actions.

The Seventh Circuit has recognized that delays in civil rights cases impose particular hardships on plaintiffs. Terbovitz v. Fiscal Court of Adair Cnty., 825 F.2d 111, 113 (6th Cir. 1987).

V. PLAINTIFF HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

Plaintiff has diligently pursued service and has complied with all procedural requirements:

a. Filed his Complaint in proper form;

b. Attempted service multiple times;

c. Obtained formal service through the sheriff;

d. Provided adequate time for response;

e. Now seeks appropriate relief through this Motion.

Plaintiff is entitled to entry of default against Defendant Karena Richardson Seals.

CONCLUSION

WHEREFORE, Plaintiff Jerry A. Smith respectfully requests that this Court:

Enter default against Defendant Karena Richardson Seals pursuant to Federal Rule of Civil Procedure 55(a);

After entry of default, set this matter for hearing on Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2); and

Grant such other relief as the Court deems just and proper.

Respectfully submitted this 20 day of Oct, 2025.

Jerry A. Smith, Pro Se

2707 Adams Street

Gary, Indiana

Tel: (219) 201-6220

Email: savinglives2xprogram@gmail.com

AFFIDAVIT IN SUPPORT

I, Jerry A. Smith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

I am the Plaintiff in this action and have personal knowledge of the facts stated herein.

Defendant Karena Richardson Seals was served with notice of this lawsuit several months ago through the initial complaint filing.

Defendant Karena Richardson Seals was subsequently served with the Summons and Complaint by the Lake County Sheriff.

More than 21 days have elapsed since service by the sheriff upon Defendant Karena Richardson Seals.

Defendant Karena Richardson Seals has not filed any answer, motion, or other responsive pleading in this action.

Defendant Karena Richardson Seals has not otherwise appeared or defended in this action.

To the best of my knowledge, Defendant Karena Richardson Seals is not an infant, incompetent person, or in military service as defined by the Servicemembers Civil Relief Act.

The facts stated in this Motion are true and correct.

Executed on this __20__ day of __Oct__, 2025.

Jerry A. Smith

*(signature)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of Oct_____, 2025, I filed the foregoing Plaintiff's Motion for Entry of Default Against Defendant Karena Richardson Seals with the Clerk of the United States District Court for the Northern District of Indiana using the CM/ECF system, which will send notification of such filing to all registered parties.

I further certify that I served a true and correct copy of the foregoing document via First Class U.S. Mail, postage prepaid, and via certified mail with return receipt requested, upon the following:

Karena Richardson Seals

7010 Van Buren Ave

Hammond, Indiana 46324

Terrance Kinnard, #22224-49

Kinnard Rowley Powers Jimenez

320 North Meridian Street, Ste. 1006

Indianapolis, IN 46204

E-Mail: tkinnard@krpjlaw.com

Belinda Gail

7422 West 63rd Place

Summit, Illinois 60501

Kompassionate Care LLC

c/o Registered Agent

6919 E. 10st., Suite D5

Indianapolis, Indiana 46219

Abidon Babalola

6919 E. 10st., Suite D5

Indianapolis, Indiana 46219

Jerry A. Smith

2601 W 61st Pl
Merrillville IN
46410
219-777-6560
Jerrycartoonsmith@gmail.com