**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

JERRY A. SMITH,                             )
                                            )
      Plaintiffs,                      )
                                            )
    v.                                     )      Case No. 2:25-cv-77-PPS-AZ
                                            )
KOMPASSIONATE CARE, LLC, *et al.*,          )
                                            )
      Defendants,                      )

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1**

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Karena Richardson Seals [DE 30], filed on October 31, 2025, and Karena Seals-Richardson's Motion to Set Aside Entry of Default and Response to Motion for Default Judgment [DE 56], filed on January 15, 2026.

On January 30, 2026, District Judge Simon referred both motions to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) [DE 67]. This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court Judge Philip P. Simon grant the motion to set aside the entry of default and deny the motion for default judgment.

**Background**

On August 5, 2025, Plaintiff Jerry A. Smith filed a Second Amended Complaint naming Kompassionate Care, LLC, Abidon Babalola, Karena Richardson Seals

(properly Karena Seals-Richardson), and Belinda Gail, under 42 U.S.C. § 1983. DE 13. Smith alleges that a host of actions including withholding payment for services provided, eviction from his residence, and termination of his employment, along with a conspiracy to do the same, constitute violations of his constitutional rights. *Id.* The docket shows that Seals-Richardson was served on September 25, 2025, with her answer consequently due October 16, 2025. DE 19. When that date passed, Smith moved for an entry of default on October 20, 2025, DE 26, which was entered by the Clerk of Court on October 29, 2025. DE 29. On November 24, 2025, Seals-Richardson, then *pro se*, filed a motion to dismiss. DE 48. Then, on January 15, 2026, her now-attorney filed her appearance and promptly filed the motion to set aside the default. DE 56.

As part of her motion, Seals-Richardson, through her attorney, explains that Smith has also filed a parallel, substantially related lawsuit in Indiana state court against Seals-Richardson. DE 56 at 3-4. Because she was without an attorney at the time, she was confused and overwhelmed by the dual lawsuit and numerous filings by Smith. *Id.* Though she recognized that there were two lawsuits, as evinced by her filing a motion to dismiss, she could not keep straight what filings were needed in each lawsuit. Because of this confusion, she missed her deadline to file an answer, though she did not intend to contravene the judicial process. Procedurally, the matter is still in the pleadings stage, as no Rule 16 Preliminary Conference has yet occurred due to the pending motions to dismiss.

## Analysis

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). The Seventh Circuit has established a three-element test that the moving party must establish to set aside a default: (1) good cause for setting aside the default; (2) quick action to correct the entry of default and (3) a meritorious defense to the complaint or claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). This standard is more lenient than the standard for setting aside a default judgment, and courts must be mindful of the preference to resolve cases on their merits rather than by default judgment. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948-49 (7th Cir. 2020); *Cracco*, 559 F.3d at 631. A lower court's decision to set aside a default is given "great deference" and will only be reversed if the court abused its discretion. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir. 1996); *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007).

As to the three-part test itself, good cause, the first element, requires the moving party to explain its failure to meet the deadline to file its answer, while the second element requires the party to show it acted in timely fashion to have the default set aside. *Cracco,* 559 F.3d at 631. Courts should consider whether the party willfully ignored the pending litigation or if they failed to answer due to inadvertence. *Id.* (*citing Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987). As for the third element, a party has a meritorious defense to a complaint when they make a legal argument that is not merely conclusory and provides a factual basis for the

defense. *Id*. Merely denying the allegations is not sufficient, but rather the party must show a "cognizable" defense beyond bare legal conclusions. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (*citing Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)).

The above analysis must also be grounded in the Seventh Circuit's repeated holding that "a default judgment is a harsh sanction that ought to be used sparingly." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1209 (7th Cir. 1984). There is "a well-established policy favoring a trial on the merits over a default judgment." *United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 946 (7th Cir. 1978). Similarly, "justice is always better served to have a case decided on the merits, rather than a procedural blunder." *Christiansen v. Adams*, 251 F.R.D. 358, 360 (S.D. Ill. 2008).

Here, Seals-Richardson failed to take timely action due to her inadvertence and confusion, not through any explicit intention to dodge the judicial process. She attempted, to the best of her ability at the time, to engage in the lawsuit while being both without an attorney and juggling a second similar lawsuit from the same plaintiff. Further, only approximately two months passed before she retained an attorney and filed the instant motion. Notably, the case did not make any substantial progress in that time, due in part to pending motions to dismiss and partly due to Smith's own plethora of filings. *See* DE 68 (cautioning Smith that further excessive or improper filings may delay court rulings). Once Seals-Richardson retained counsel on January 14, 2026, her attorney filed her appearance and the motion on January

4

15, as promptly as possible. DE 56 at 2. This timeline demonstrates both good cause for the delay and timely action to remedy it.

Seals-Richardson further presents a clear meritorious defense, which Smith makes no attempt to rebut in his reply. *See* DE 57. It is well established that 42 U.S.C. § 1983 does not apply to private citizens. *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461–62 (1952). Under the Seventh Circuit's test, a plaintiff must show that there was both a deprivation of a constitutional right, and that the defendants were acting under the color of state law. *Wilson v. Warren Cnty.*, 830 F.3d 464, 468 (7th Cir. 2016). In his pleadings, Smith makes no allegation, at all, that any of the defendants were state actors, or even related to the state in any capacity. *See* DE 13. This clear defense to the claims more than passes the low bar for setting aside an entry of default.

Lastly, though not part of the test itself, it is worth noting that Smith would suffer no prejudice by the default being set aside. The case is still in the early stage of pleadings and a default judgment would compromise Seals-Richardson's ability to contest Smith's allegations on the merits. *See Tate v. Riverboat Servs.*, 305 F. Supp. 2d 916, 922 (N.D. Ind. 2004) (vacating entry of default when the case was filed in the past year and still in the pleadings stage, further lessening any prejudice to the plaintiff). Given Seals-Richardson's understandable confusion, prompt action to remedy the issue, meritorious defense, and the lack of any prejudice to Smith, it is clear the entry of default should be set aside. Because the entry of default is set aside, Smith's motion for a default judgment is consequently denied.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that the District Court **GRANT** Karena Seals-Richardson's Motion to Set Aside Entry of Default and Response to Motion for Default Judgment [DE 56], **VACATE** the entry of default [DE 29], **DENY** Plaintiff's Motion for Default Judgment Against Defendant Karena Richardson Seals [DE 30] and **ORDER** Karena Seals-Richardson to file a responsive pleading within 14 days of the District Court's Order. Because it was filed while her entry of default was still in place, Seals-Richardson's Motion to Dismiss [DE 48], filed *pro se*, and Smith's response [DE 65] should be **STRICKEN**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

**SO ORDERED** this 1st day of April 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT