UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JERRY A. SMITH,                                )
                                               )
              Plaintiff,                       )
                                               )
      v.                                       )      Cause No.: 2:25-CV-77-PPS-AZ
                                               )
                                               )
KOMPASSIONATE CARE, LLC, *et al.*,             )
                                               )
              Defendants.                      )

## OPINION AND ORDER

A number of motions are before the Court. This order concerns Plaintiff Jerry

Smith's Motion for Default Judgment against Defendant Belinda Gail [DE 31],

Defendants Abidon Babalola's and Kompassionate Care LLC's Motion to Dismiss [DE

40], and Smith's Motion in Opposition to the same [DE 46]. Smith has failed to state a

claim against Kompassionate Care LLC and Babalola, so their motion to dismiss will be

granted. Because Smith alleges an identical claim against Gail, the Court denies Smith's

motion for default judgment against her. The Court also *sua sponte* vacates the default

entered against Gail and dismisses her as a defendant.

## Background

Smith filed the operative complaint on August 5, 2025. [DE 13.] This Court

screened and struck Smith's initial February 2025 complaint for issues with venue, his

pleading of unrelated claims, and his failure to specify the type of discrimination he

says he faced. [*See* DE 3.] Magistrate Judge Zanzi struck Smith's second complaint

1

because of his failure to sign his pleading. [*See* DE 11.] As with his earlier complaints, Smith sues four defendants: Kompassionate Care LLC, Abidon Babalola, Karena Seals-Richardson, and Belinda Gail. This opinion and order concerns defendants Kompassionate Care LLC, Abidon Babalola, and Belinda Gail. The former two defendants are represented by the same counsel and have appeared and moved to dismiss Smith's claims against them. Gail has not entered an appearance or filed any responsive pleadings. Accordingly, Smith moves to convert the Clerk's entry of default against Gail to a default judgment.

In his operative complaint, Smith alleges three counts against Kompassionate Care LLC and Babalola and one count against Gail. Smith says that Kompassionate Care LLC and Babalola as its manager terminated his employment on February 11, 2025. [DE 13 at ¶14.] According to Smith, Kompassionate Care LLC and Babalola terminated his employment based on a 24-year-old juvenile record yet retained Gail as an employee despite her "active criminal case and threatening behavior toward [Smith]." [*Id.*] Smith says this differential treatment violated the Equal Protection Clause of the Fourteenth Amendment. Smith also claims that Kompassionate Care LLC and Babalola terminated him without any due process, which he says is a separate violation of his Fifth and Fourteenth Amendment due process rights.

Finally, as a separate count asserted against Kompassionate Care LLC, Babalola, Gail, and Seals-Richardson, Smith claims that all defendants conspired to violate his constitutional rights. Smith says the defendants coordinated to cause his February 10 eviction and February 11 termination. [*Id.* at ¶25.] According to Smith, this conspiracy

violated his First Amendment right of freedom of association, Fifth Amendment due process rights, and Fourteenth Amendment equal protection rights.

## Discussion

### I.    Kompassionate Care LLC's and Babalola's Motion to Dismiss

I'll begin with Kompassionate Care LLC's and Babalola's motion to dismiss. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given that this is a motion to dismiss, I will take as true all allegations Smith asserts in his Second Amended Complaint. While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Smith proceeds *pro se*, so I must liberally construe the allegations in his operative complaint because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted). Nevertheless, "*pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their

claims are plausible." *Cagle v. Weill Cornell Med.*, 680 F.Supp.3d 428, 434 (S.D.N.Y. 2023).

This requires Smith to allege "only enough facts" to "nudge[ ] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Indeed, the Seventh Circuit has commented that "the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (noting that a complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (citation omitted).

Though he named various constitutional amendments in his operative complaint, Smith did not clearly articulate the legal vehicle through which he brought those claims. Given Kompassionate Care LLC's status as a private employer, Kompassionate Care LLC's and Babalola's motion to dismiss understandably construed Smith's claims as invoking Title VII, the ADEA, or the ADA to bring his constitutional claims. [*See* DE 41.] Kompassionate Care LLC and Babalola then pointed out the well-established rule that Smith must first file a charge of discrimination with the EEOC and obtain a notice of right to sue to bring suit under all three statutes. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (explaining the exhaustion requirement in the Title VII context). Kompassionate Care LLC and Babalola are correct that Smith's operative complaint contains no allegations that he filed a charge of discrimination or

obtained a right to sue notice. On that basis alone, Smith's claims against Kompassionate Care LLC and Babalola may be dismissed. *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005).

In both his response and unauthorized sur-reply, Smith insists he brings his claims under 42 U.S.C. § 1983 and not Title VII, the ADA, or the ADEA. [*See* DE 42; DE 46.] In his response, Smith correctly notes that 42 U.S.C. § 1983 does not contain a similar exhaustion requirement that must be satisfied to bring suit. *See Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). But even if he were to evade an exhaustion requirement, the defendants accurately point out that Section 1983 only applies to constitutional violations committed by defendants acting under color of state law. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016). As this requirement suggests, purely private conduct conducted by private actors cannot be reached by § 1983. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be.").

As with every rule, test, and standard, there are exceptions. The conduct of private actors, in certain cases, can constitute "state action." In *Hallinan*, the Seventh Circuit summarized this exception as follows:

> In order to be characterized as state action, "the deprivation [of constitutional rights] must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate

5

actor."

*Id.* (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Smith alleges no facts that plausibly suggest Kompassionate Care LLC or Babalola were state actors. For example, Smith raises no facts which suggest the involvement of a government agency, individual, or other state actor. Rather, the facts pleaded in Smith's operative complaint suggest Kompassionate Care LLC and Babalola were purely private actors. Smith's unauthorized sur-reply offers nothing to remedy the situation. In that sur-reply, Smith admits that Kompassionate Care LLC and Babalola were private actors but conclusory states that his allegations "demonstrate Defendants' conduct was not purely private but involved significant state involvement or encouragement." [DE 46 at 2.] The only allegation that could possibly suggest tacit involvement of state action in Smith's operative complaint is his statement that Kompassionate Care LLC is a healthcare service provider. [DE 13 at ¶4.] But on its own, this allegation is woefully insufficient to plausibly suggest state action and state a claim under § 1983. Whether asserted under Title VII, the ADEA, the ADA, or § 1983, Smith's operative complaint fails to state a claim against Defendants Kompassionate Care LLC and Babalola.

## II.    Smith's Motion for Default Judgment Against Belinda Gail

I next consider Smith's motion for default judgment against Belinda Gail. To date, Gail has not appeared, answered, or filed any other notice or motion. As a result, on October 29, 2025, the Clerk's Office correctly entered a Clerk's Entry of Default against Gail. [DE 28.] Afterwards, Smith promptly moved for default judgment. [DE

31.]

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments and involves two stages: establishing "default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citation omitted); Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Upon entry of a default, all well-pleaded facts in the complaint are taken as true for purposes of liability. *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. Because the Clerk has entered default, I assume that Smith's well-pleaded allegations regarding Gail are true.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). An entry of default judgment, however, is not mandatory simply because a party doesn't appear, it is still a matter of discretion for the district court judge. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991); *Abdul-Wadood v. Bayh*, 85 F.3d 631, at *1 (7th Cir. 1996) ("The entry of a default order does not automatically mean that a default judgment will be entered. The court must first assure itself that the complaint supports the right to relief.") (unpublished order). "Even after the default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does

7

not admit mere conclusions of law." 10A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998).

For the same reasons discussed above in the analysis of Kompassionate Care LLC's and Babalola's motion to dismiss, Smith's identical claim against Gail fails to state a claim for which relief could be granted. Smith names Gail only in Count IV, in which he also names Kompassionate Care LLC and Babalola. Recall that in this Count Smith alleges (apparently under § 1983) that Gail colluded with the other defendants to evict Smith and deprive him of his constitutional rights to "refuse exploitation and maintain his personal autonomy." [DE 13 at ¶¶24–27.] Smith's claims in Count IV are brought under the First, Fifth, and Fourteenth Amendments. [*Id.* at ¶27.] But again, Smith alleges no facts which suggest the involvement of state action to support a § 1983 claim against Gail. The Court is not satisfied that Smith's operative complaint states a claim against Gail, and for this reason it will deny his motion for default judgment.

This Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). Moreover, this Court may set aside a Clerk's entry of default *sua sponte*. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). I will now do so because, as explained above, Smith's complaint fails to state any cognizable cause of action against Gail, so no default judgment against Gail could ever be granted. *See Dixon v. U.S. Bank N.A.*, No. 2:23 CV 264, 2025 WL 915485, at *3 n.2 (N.D. Ind. Mar. 25, 2025) (setting aside an entry of default *sua sponte*).

Here, in the interests of the efficient resolution of Smith's claims, I will go one step further and *sua sponte* dismiss Smith's claim against Gail. *See Ledford v. Sullivan*, 105

8

F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading."). Smith's claim against Gail is identical to his claim against Kompassionate Care LLC and Babalola, and he was on notice of the deficiency of Count IV in the briefing on their motion to dismiss. As a result, *sua sponte* dismissal of the complaint is warranted as against Gail. *See Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988) (approving of the *sua sponte* dismissal of nonmoving defendants that "are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related").

### Conclusion

For the aforementioned reasons, Plaintiff Jerry Smith's Motion for Default Judgment against Defendant Belinda Gail [DE 31] and Motion in Opposition [DE 46] are both **DENIED**. Defendants Abidon Babalola's and Kompassionate Care LLC's Motion to Dismiss [DE 40] is **GRANTED**. The Court additionally *sua sponte* directs the Clerk to **VACATE** the entry of default against Defendant Belinda Gail [DE 28] and dismisses Smith's claim against Gail. Defendants Abidon Babalola, Kompassionate Care LLC, and Belinda Gail are hereby **DISMISSED** from this case.

SO ORDERED.

ENTERED: April 22, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

9