**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JERRY A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:25-CV-77-PPS-AZ |
| ) | |
| ) | |
| KOMPASSIONATE CARE, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Jerry A. Smith sued four defendants asserting what he insists are claims

for constitutional violations pursuant to 42 U.S.C. § 1983. This Court previously

dismissed three of those defendants, which leaves Karena Seals-Richardson as the sole

remaining defendant. As with his claims against the dismissed defendants, Jerry Smith

has failed to state a claim against Seals-Richardson, too. Seals-Richardson's motion to

dismiss will be granted.

**Background**

Smith filed the operative complaint on August 5, 2025. [DE 13.] This Court

screened and struck Smith's initial February 2025 complaint for issues with venue, his

pleading of unrelated claims, and his failure to specify the type of discrimination he

says he faced. [*See* DE 3.] Magistrate Judge Zanzi struck Smith's second complaint

because of his failure to sign his pleading. [*See* DE 11.] As with his earlier complaints,

Smith in his operative complaint sued four defendants: Kompassionate Care LLC,

1

Abidon Babalola, Karena Seals-Richardson, and Belinda Gail. This opinion and order concerns Karena Seals-Richardson, the sole remaining defendant.

Smith names Seals-Richardson in Counts I, IV, and V of his operative complaint. In Count I, Smith says he operated a legitimate "business program" from Seals-Richardson's residence from September 2024 through February 2025. [DE 13 at ¶8.] He says he provided thousands of dollars of "personal care services" to Seals-Richardson for no compensation. [*Id.* at ¶9.] He also claims additional business expenses on Seals-Richardson's behalf. [*Id.* at ¶10.] In February 2025, Smith says Seals-Richardson unlawfully seized his business operation and personal property and forced his immediate eviction. [*Id.* at ¶¶11–12.] Smith says Seals-Richardson's actions violated his Fifth and Fourteenth Amendment rights to due process and protection from the unlawful seizure of his property.

Smith also names Seals-Richardson, along with the three now dismissed defendants, in Count IV. In Count IV, Smith claims that all defendants conspired to violate his constitutional rights. Smith says the defendants coordinated to cause his February 10 eviction and February 11 termination. [*Id.* at ¶25.] According to Smith, this conspiracy violated his First Amendment right of freedom of association, Fifth Amendment due process rights, and Fourteenth Amendment equal protection rights. Finally, in Count V Smith alleges Seals-Richardson deliberately concealed a herpes diagnosis in her relationship with Smith. [*Id.* at ¶28.] Smith says these actions violated his Fifth and Fourteenth Amendment substantive due process rights to personal liberty and bodily integrity. [*Id.* at ¶31.]

The docket reflects that Seals-Richardson was served on September 25, 2025, with her answer due October 16, 2025. [DE 19.] When that date passed, Smith moved for an entry of default on October 20, 2025, [DE 26], which was entered by the Clerk on October 29, 2025. [DE 29]. After the entry of default, Smith filed a Motion for Default Judgment against Seals-Richardson. [DE 30.] On November 24, 2025, Seals-Richardson, then *pro se*, filed a motion to dismiss. [DE 48.] Then, on January 15, 2026, her now attorney filed an appearance and later filed a motion to set aside the default. [DE 56.]

On January 30, 2026, I referred Smith's motion for default judgment against Seals-Richardson and Seals-Richardson's motion to set aside that default to Magistrate Judge Zanzi for report and recommendation. [DE 67.] Judge Zanzi issued his report and recommendation on April 1, [DE 70], and I adopted it in full on April 22, 2026, after no one filed a timely objection. [DE 72.] In adopting Judge Zanzi's report and recommendation, I granted Seals-Richardson's Motion to Set Aside Default [DE 56], denied Smith's Motion for Default Judgment [DE 30] against Seals-Richardson, struck Seals-Richardson's *pro se* Motion to Dismiss [DE 48] given she later acquired counsel, and ordered Seals-Richardson to file a responsive pleading to Smith's operative complaint within fourteen days. The next day, Seals-Richardson filed a renewed Motion to Dismiss. [DE 23.] Smith failed to file a timely response, so the motion is now ripe for adjudication.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given that this is a motion to dismiss, I will take as true all allegations Smith asserts in his Second Amended Complaint. While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Smith proceeds *pro se*, so I must liberally construe the allegations in his operative complaint because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted). Nevertheless, "*pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible." *Cagle v. Weill Cornell Med.*, 680 F.Supp.3d 428, 434 (S.D.N.Y. 2023).

This requires Smith to allege "only enough facts" to "nudge[ ] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Indeed, the Seventh Circuit has commented that "the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015); *see also*

4

*Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (noting that a complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (citation omitted).

Though he named various constitutional amendments in his operative complaint, Smith did not clearly articulate the legal vehicle through which he brought those claims. As noted above, Smith did not respond to Seals-Richardson's motion to dismiss, which forced her to construe his claims herself. To do so, Seals-Richardson looks to Smith's response and unauthorized sur-reply that he filed in response to Kompassionate Care LLC's and Abidon Babalola's motion to dismiss. In those filings, Smith insisted he brought his claims under 42 U.S.C. § 1983. [*See* DE 42; DE 46.] As Kompassionate Care LLC and Babalola did, Seals-Richardson points out that Section 1983 only applies to constitutional violations committed by defendants acting under color of state law. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016). As this requirement suggests, purely private conduct conducted by private actors cannot be reached by § 1983. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).

As with every rule, test, and standard, there are exceptions. The conduct of private actors, in certain cases, can constitute "state action." In *Hallinan*, the Seventh Circuit summarized this exception as follows:

> In order to be characterized as state action, "the deprivation [of constitutional rights] must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate

5

or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor."

*Id.* (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Smith alleges no facts that plausibly suggest Seals-Richardson was a state actor or otherwise acted under color of state law. I dismiss Count IV against Seals-Richardson for the same reasons articulated in my April 22, 2026, Order that granted Kompassionate Care LLC's and Babalola's motion to dismiss that same count as alleged against them. [*See* DE 71 at 6.] Smith's allegations in Counts I and V, which he asserts only against Seals-Richardson, are no better. Count I concerns allegations of a private business relationship, and Count V concerns allegations of a private relationship. There are zero allegations of state action that could support a claim under § 1983. Smith's operative complaint fails to state a claim against Seals-Richardson.

### Conclusion

For the aforementioned reasons, Defendant Karena Seals-Richardson's Motion to Dismiss [DE 73] is **GRANTED**. The Clerk is directed to close this case and enter judgment in favor of Defendants Kompassionate Care LLC, Abidon Babalola, Belinda Gail, and Karena Seals-Richardson and against Plaintiff Jerry A. Smith.

SO ORDERED.

ENTERED: May 14, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT