**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JERRY A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 2:25-CV-77-PPS-AZ |
| | ) |
| | ) |
| KOMPASSIONATE CARE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>OPINION AND ORDER</u>

On May 14, 2026, I dismissed pro se Plaintiff Jerry A. Smith's claims against the last remaining defendant in this action and directed the clerk to close the case and enter judgment in favor of the defendants and against Smith. [DE 75.] Smith has since filed two post-judgment motions seeking reconsideration. The first is his Emergency Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). [DE 77.] The second is his Motion to Vacate Judgment as to Defendant Belinda Gail. [DE 78.] The two motions tread much of the same ground. Because neither supplies a basis for disturbing the judgment, both are denied.

### Background

The procedural history of this case is a bit tangled. I set it out at length in two prior orders [DE 71, DE 75] and recap it here briefly. Smith filed the operative complaint on August 5, 2025 [DE 13], suing four defendants: Kompassionate Care LLC, Abidon Babalola, Karena Seals-Richardson, and Belinda Gail. The clerk entered default against

1

Gail and Seals-Richardson on October 29, 2025 [DE 28, DE 29.] On April 22, 2026, I adopted in full Magistrate Judge Abizer Zanzi's Report and Recommendation setting aside Seals-Richardson's default. [DE 72.] As to Defendant Gail, I *sua sponte* set aside her entry of default in a separate order on that same day. In that order, I also granted Defendants Babalola's and Kompassionate Care's joint motion to dismiss. [DE 71.] Though the joint motion to dismiss only sought dismissal as to those two defendants [DE 40], I dismissed Gail *sua sponte* because Smith's claim against her was identical to his claim against Babalola and Kompassionate Care. [DE 71 at 8-9]. That left Seals-Richardson as the only remaining defendant.  On May 14, 2026, I granted Seals-Richardson's motion to dismiss, and the clerk entered judgment in favor of all defendants and against Smith the next day. [DE 75, DE 76.] Smith now asks me to vacate that judgment.

## Discussion

### I.    Smith's Motion to Alter or Amend The Judgment under Rule 59(e)

I begin with Smith's motion to alter or amend the judgment. [DE 77.] Rule 59(e) allows a party to correct a factual or legal error in its decision.  Relief requires "newly discovered evidence" or "evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (citation omitted). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)). Smith raises several arguments. None of them identify a manifest error.

2

First, Smith claims that Gail remains in default because the Court "never ruled on ECF No. 33, and no order setting aside Gail's default has ever been entered." [DE 77 at 2.] The docket indicates otherwise.  The motion for default judgment against Gail is Docket Entry 31, and Docket Entry 33 is Smith's brief in support of it. [*See* DE 31, DE 33.] I denied that motion in my April 22, 2026 order, and I vacated Gail's entry of default in that same order. [DE 71 at 9.]

Second, Smith argues that I erred by dismissing Gail *sua sponte* without a hearing on damages, which he says is mandatory under Rule 55(b). Smith misunderstands the rule. Rule 55(b) provides that, in deciding whether to enter a default judgment, a court *may* hold a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b). But an entry of default does not entitle a plaintiff to a default judgment as a matter of right.  A damages hearing presupposes that the plaintiff is entitled to a default judgment in the first place. Under Rule 55(c), a court may set aside a default judgment "for good cause," and it may do so *sua sponte*.  Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). An entry of default "does not automatically mean that a default judgment will be entered" — the court "must first assure itself that the complaint supports the right to relief." *Abdul-Wadood v. Bayh*, 85 F.3d 631 at *1 (7th Cir. 1996) (citing *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994)).

I set aside the entry of default as to Gail because no default judgment could ever be granted; Smith's complaint plainly failed to state a cognizable claim. *See Dixon v. U.S. Bank N.A.*, No. 2:23 CV 264, 2025 WL 915485, at *3 n.2 (N.D. Ind. Mar. 25, 2025). As a

3

result, there was no liability on which to hold a damages hearing. Accordingly, neither a hearing nor a default judgment was warranted.

Third, Smith contends that my May 14, 2026 opinion is fraught for failing to recognize his "independent Indiana state law claims"— battery, negligence, fraud, conversion, and unlawful self-help eviction— over which he says I had supplemental jurisdiction under 28 U.S.C. § 1367. [DE 77 at 3-5.] This argument fails for two reasons. First, those state law claims appear nowhere in Smith's operative complaint, which pleaded only federal constitutional claims under § 1983. [DE 13.] A Rule 59(e) motion is not a vehicle to "advance new arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). What's more, even had those claims been properly pleaded, dismissing all of Smith's federal claims would lead me to relinquish supplemental jurisdiction over any remaining state-law claims rather than decide them. *See* 28 U.S.C. § 1367(c)(3).  Smith's complaint invokes jurisdiction on the basis of his federal constitutional claims alone. [DE 13 at 2.]

Fourth, Smith challenges the decision to set aside Seals-Richardson's default. He argues she failed to make the showing of good cause the Seventh Circuit requires. Smith describes that standard as willfulness of default, prejudice to plaintiff, and existence of a meritorious defense. This is not the test. The Seventh Circuit's actual three factors ask whether the defaulting party has shown  (1) good cause for the default, (2) quick action to correct it, (3) and a meritorious defense. *Cracco v. Vitran Exp., Inc.*,  559 F.3d 625, 630

4

(7th Cir. 2009).

Regardless of which standard applies, Smith forfeited this argument. Magistrate Judge Zanzi recommended setting aside Seals-Richardson's default, finding that she satisfied the Seventh Circuit standard [DE 70], and I adopted that recommendation in full [DE 72]. Under 28 U.S.C. § 636(b)(1)(C), Smith had fourteen days after being served with Judge Zanzi's Report and Recommendation to file objections. He did not, and so he waived the right to raise this argument now. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). In any event, a Rule 59(e) motion is not a mechanism to "advance new arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth*, 487 F.3d at 512.

Finally, Smith argues that I failed to construe his *pro se* complaint liberally and should have allowed discovery into state action before dismissing his § 1983 claims. But liberal construction does not require a court to read into a complaint the possibility of state action where the complaint describes only private conduct by private parties. *See Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815, 821 (7th Cir. 2009). Nor does it entitle Smith to discovery to rescue a deficient complaint. The plausibility threshold must be met on the face of the pleading before discovery is unlocked. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

To succeed on his Rule 59(e) motion, Smith must identify manifest errors of law or fact. He has not done so. The motion [DE 77] is therefore denied.

II.    **Smith's Motion to Vacate the Judgment as to Defendant Gail.**

Smith's second post-judgment motion [DE 78] rehashes many of the same arguments against Gail that he made in his first [DE 77]. I address only what is new.[1]

First, Smith faults me for not analyzing Gail's default under the Rule 55(c) "good cause" factors the Seventh Circuit applies. Smith is correct that I didn't apply the standard, but this standard doesn't apply here. The *Cracco* factors—good cause for default, quick action, and a meritorious defense— govern a defendant's motion to be relieved of its own default. *Cracco*, 559 F.3d at 630. They do not, however, limit the court's authority to, on its own motion, set aside an entry of default when the complaint states no claim the default could ever support.

As explained above, an entry of default does not entitle a plaintiff to judgment; the court must first assure itself that the complaint supports the right to relief. *Abdul-Wadood v. Bayh*, 85 F.3d 631 at *1 (7th Cir. 1996) (citing *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994)).

And the "good cause" Rule 55 requires is "good cause for the judicial action, not good cause for the defendant's error." *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) Accordingly, regardless of the defaulting defendant's reasons for default, a court has good cause to set aside an entry of default *sua sponte* when the complaint fails to state a claim. Good cause exists when a complaint warrants dismissal. *Dixon v. U.S. Bank N.A.*,

---

[1] In his second post-judgment motion and supporting brief, Smith repeats arguments that a damages hearing was required, that the Court should have exercised supplemental jurisdiction over state law claims, that liberal construction should have preserved his complaint, and that Richardson's default was improperly set aside. [DE 78 at 2-3. DE 79 at 3-5.]

No. 2:23 CV 264, 2025 WL 915485, at *3 n.2 (N.D. Ind. Mar. 25, 2025); *see also Judson*

*Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008)

(explaining that good cause exists to set aside an entry of default when a court properly

grants summary judgment in favor of defendant).

Next, Smith argues in the alternative for relief under Rule 60(b)(1) and (b)(4). Rule

60 permits relief from a final judgment only in the narrow circumstances set out in the

rule. None apply here.

As to Rule 60(b)(1), Smith insists I made a "mistake" by entering a judgment in

favor of a defaulting party who never appeared, defended, or moved to set aside the

default. He cites no authority for that proposition, and, as I explained in my prior order

[DE 71], dismissal was proper as to Gail. A court may dismiss a nonmoving defendant

*sua sponte* when that defendant is "in a position similar to that of moving defendants or

where the claims against all defendants are integrally related." *See Rosser v. Chrysler*

*Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988). Where a defending party establishes that a

plaintiff has no cause of action, a non-appearing but similarly situated defendant

benefits from the judgment in the moving defendant's favor. *Lewis v. Lynn*, 236 F.3d 766,

768 (5th Cir. 2001) (collecting cases). Smith's claim against Gail is identical to his claims

against Babalola and Kompassionate Care. I granted Babalola's and Kompassionate

Care's motion to dismiss for failure to state a claim [DE 71], which Smith does not

challenge. I therefore had authority to dismiss the claim against Gail *sua sponte* and to

enter judgment in favor of all defendants after granting Seals-Richardson's motion to

7

dismiss. [*See* DE 75.]

As to Rule 60(b)(4), Smith contends the judgment is void for same supposed mistakes I've already addressed. But mistake is not a basis for relief under Rule 60(b)(4). *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A judgment is void "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 261. Neither is present here.

There's no question that this Court had jurisdiction over Smith's § 1983 claims. Furthermore, Smith does not actually claim a due process violation. He says only that the "judgment as to Gail is void under Rule 60(b)(4) because the Court lacked authority to enter judgment in favor of a defaulting party who never appeared, never contested, and never moved to set aside the default." [DE 78 at 4.] I have explained at length—here and in my prior order [DE 71]—why the Court had that authority.

## Conclusion

For the aforementioned reasons, Plaintiff Jerry Smith's Motion to Alter or Amend Judgment [DE 77] and Motion to Vacate Judgment as to Defendant Belinda Gail [DE 78] are **DENIED**.

**SO ORDERED**.

ENTERED: July 7, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

8